**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **IN RE** ) | **Case No. 05-01859-TLM** |
| ) | **Chapter 7** |
| **WOOD, ROSS L.** ) | |
| ) | **SUMMARY ORDER RE:** |
| **Debtor.** ) | **MOTION TO SHORTEN** |
| _____ ) | **TIME AND RELATED MOTIONS** |

**BACKGROUND**

On May 11, 2005, Ross L. Wood ("Debtor") filed a voluntary chapter 13 petition. On May 22, 2006, Debtor converted his case to a chapter 7 liquidation, and Richard Crawforth ("Trustee") was appointed chapter 7 trustee.

Debtor listed in his original schedules real property located at 4532 S. Timridge Way, Boise, Idaho, with an alleged value of $113,500.00 and secured liability of $112,085.76.[1] *See* Doc. No. 1 at 4. In his schedule C, Debtor claimed a homestead exemption for the net equity of $1,414.24. *Id.* at 9.

On June 13, 2006, Debtor filed a Motion For Abandonment. *See* Doc. Nos. 42, 45.[2] On June 16, Debtor filed an Amended Motion For Abandonment. *See* Doc. No. 50. The Amended Motion added language notifying parties in interest of

---

[1] Washington Mutual allegedly held a first mortgage in the amount of $89,793.38 and a second mortgage in the amount of $22,292.38. Doc. No. 1 at 11.

[2] The Motion as electronically filed and docketed by Debtor on June 13, 2006 (Doc. No. 42) lacked a .pdf attached document. It was refiled later that day under Doc. No. 45 with the attached pleading.

SUMMARY ORDER RE: MOTION TO SHORTEN TIME - 1

a right to object to the proposed abandonment and of a hearing date on any timely filed objections.

The abandonment request alleges that the present unpaid principal balance of the secured loans is $110,000.00, and that certain individuals (the Carmeans) have offered to purchase the property for $159,900.00. Additionally, the abandonment request asserts the property has a fair market value of $170,000.00 but that the condition of the house has deteriorated while Debtor has been in the hospital. Finally, it asserts "[a]bandonment is necessary for the proposed purchase," and "[t]he property has no equity outside the exemption for the benefit of the estate." Doc. No. 50 at 1-2.[3] Even though no authority is cited, the request is necessarily advanced under § 554, and it contends that the property is burdensome and/or of inconsequential value.

On June 14, 2006, a "Motion to Sell Real Property" was filed by Debtor. *See* Doc. No. 46 ("Sale Motion"). Also on that date, Debtor filed an "Ex parte Motion to Shorten Time" for hearing on the Sale Motion. *See* Doc. No. 47. The Sale Motion seeks an order authorizing Debtor to sell real property "under 11 USC

---

[3] Debtor in effect asserts that the amount of sales proceeds after satisfaction of the secured debt and closing costs will be less than the allowable amount of his homestead exemption. It appears that he calculates the exemption as being up to $50,000.00 under the version of Idaho Code § 55-1001, *et seq.* existing at the time the case was filed, though no amendment of schedule C has been made as yet. Though the difference between the "value" of the property ($170,000.00) and the liens ($110,000.00) would exceed the exemption amount, Debtor argues that the current "deteriorated" condition of the property supports the conclusion of inconsequential value for the estate. Trustee has yet to share his opinions on property value, properly perfected liens, the exemption, or other aspects of the abandonment request.

SUMMARY ORDER RE: MOTION TO SHORTEN TIME - 2

§ 363f(1), (3), (5)." *Id.* at 1.  Attached to the Sale Motion is a contract for sale between the Carmeans and Debtor.  The Sale Motion also asks the Court for authority for Debtor to pay a $2,995.00 commission.  Debtor alleges closing is scheduled for July 15, 2006 and, thus, in the motion to shorten time asks for objections to be filed by June 29 and that a hearing be held on July 6.[4]

On June 15, 2006, an "Application to Appoint Realtor" was filed by Debtor, alleging professional assistance is necessary to sell Debtor's residence.  Doc. No. 49 at 1.[5]  This pleadings lacks any statutory reference or citation to other authority.

Debtor has tendered a proposed order to the Court granting the motion to shorten time.  The Court concludes that order should not be entered.  The motion to shorten time asks for an order granting an accelerated hearing on the Sale Motion.  The Court concludes it would be futile to do so since the relief sought under the Sale Motion clearly cannot be granted by the Court in any event.

**DISPOSITION**

Under the express language of § 363(f), a *trustee* may sell property of the estate free and clear of interests in such property.  There is absolutely nothing in this provision of the Code indicating a *chapter 7 debtor* has any ability to propose

---

[4] The Sale Motion itself erroneously states that the matter is set for hearing at 9:30 a.m. on *June 6*, 2006, not *July 6*, 2006, the date indicated in the motion to shorten time.

[5] This application was originally filed on June 13, 2006 as Doc. No. 44 but lacked any .pdf image, and was refiled as Doc. No. 49.

SUMMARY ORDER RE: MOTION TO SHORTEN TIME - 3

or seek Court approval of a sale of property of the estate.[6] As *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000), instructs, Code provisions authorizing trustees to act (there the right to seek surcharge) are exclusive to the trustees, and non-trustees may not independently assert those powers.

Debtor's Sale Motion is not well taken and cannot be granted. Shortening time for hearing would be a meaningless (not to mention potentially confusing) exercise.

A similar problem of lack of statutory authority affects Debtor's motion "to appoint" a realtor, Doc. No. 49. Under § 327(a), a *trustee* may employ, with court approval, attorneys, accountants and other professionals to assist in carrying out his duties. Once again Debtor has sought relief that is limited by the Code to the Trustee.[7]

For the forgoing reasons, the Court will decline to enter an order shortening time for hearing on the Sale Motion. Doing so would only send an erroneous

---

[6] Debtors in chapter 13 have a statutorily recognized ability to propose § 363 sales of property of the estate. *See* § 1303. Debtor converted his case from a chapter 13 in May, 2006, and thus lost the ability to rely on this grant. No similar statutory right exists for chapter 7 debtors.

[7] This Motion exhibits another defect that experienced bankruptcy practitioners would quickly correct. The Court does not "appoint" Realtors or other professionals. Under § 327 of the Code, the trustee (or the debtor in possession by virtue of § 1107) may employ professionals "with the Court's approval."

SUMMARY ORDER RE: MOTION TO SHORTEN TIME - 4

message to creditors and parties in interest that Debtor's sale request is proper or has gained the Court's initial imprimatur.

Further, if Debtor does not withdraw the Sale Motion and the motion to "appoint" the realtor, he should be prepared to support his Motions under the Code and the Rules, and the Court will evaluate all assertions under applicable authority, including Fed. R. Bankr. P. 9011.

While less then perfect, the abandonment request does not suffer the same infirmity as the Sale Motion and the employment motion. A debtor (or some other party in interest) has the right to seek by motion an order requiring the trustee to abandon property. The Code and Rules are clear.

Under § 554(a), a trustee may abandon property of the estate if it is burdensome or of inconsequential value. To do so, Fed. R. Bankr. P. 6007(a) requires the trustee to give notice to all creditors and parties in interest of his intent and to provide at least 15 days to object, thus complying with the "notice and hearing" requirement of § 554(a). Here, Trustee has not proposed any § 554(a) abandonment.

Alternatively, however, § 554(b) authorizes a party in interest to ask the Court to order the trustee to abandon property of the estate. Under Fed. R. Bankr. P. 6007(b), that process requires a motion, directed to and served on the trustee, and prosecuted under the rules generally applicable to motions. *See*, *e.g.*, Fed. R. Bankr. P. 9013, 9014. Hearings and/or opportunities to object to a § 554(b)

SUMMARY ORDER RE: MOTION TO SHORTEN TIME - 5

motion are not subject to the general notice to all creditors and 15 day period prescribed under Fed. R. Bankr. P. 6007(a) but is subject to the general notice and time requirements of Fed. R. Bankr. P. 9006(d)-(f).

While Debtor's Amended Motion for Abandonment, Doc. No. 50, confuses this situation with a § 554(a)-style "general notice" to creditors of their "right to object" which debtors cannot issue, in effect this is a § 554(b) motion directed to Trustee. Filed by a chapter 7 debtor, it could be nothing else. Trustee was served electronically on June 16 when the pleading was filed. *Id.* Debtor suggests in this Motion that parties have until June 28 within which to object, and that any objection will be heard on July 6. A June 28 objection date, 12 days after the Motion was served, provides sufficient time for Trustee to assert an objection within the applicable standards of Rule 9006. And an opportunity for a hearing, rather than an actual hearing, is adequate. *See* § 102(1)(B)(i). If Trustee does not object by June 28, Debtor may submit an abandonment order for review. If Trustee does object, hearing will be held July 6 as Debtor's pleadings indicate.

**ORDER**

Upon the foregoing, IT IS HEREBY ORDERED that the Ex parte Motion to Shorten Time, Doc. No. 47, is DENIED.

DATED: June 21, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER RE: MOTION TO SHORTEN TIME - 7